POLSTON, J.,
dissenting.
The ballot title and summary give the voters fair notice of the proposed amendment to article VII, Finance and Taxation, which is a relatively complex subject matter in our Florida Constitution. Although the title and summary do not explain every detail within the proposed amendment, I do not consider the differences sufficiently material to keep the people of Florida from voting on the proposed amendment. There is no “hiding the ball” or “flying under false colors.” Accordingly, I dissent.
The title and summary state:
PROPERTY TAX LIMIT FOR NON-HOMESTEAD PROPERTY; ADDITIONAL HOMESTEAD EXEMPTION FOR NEW HOMESTEAD OWNERS. — The State Constitution generally limits the maximum annual increase in the assessed value of nonhomestead property to 10 percent annually. This proposed amendment reduces the maximum annual increase in the assessed values of those properties to 5 percent annually.
This amendment also requires the Legislature to provide an additional homestead exemption for persons who have not owned a principal residence during the preceding 8 years. Under the exemption, 25 percent of the just value of a first-time homestead, up to $100,000, will be exempt from property taxes. The amount of the additional exemption will decrease in each succeeding year for 5 years by the greater of 20 percent of the initial additional exemption or the difference between the just value and the assessed value of the property. The additional exemption will not be available in the 6th and subsequent years.
The most reasonable reading of the additional homestead exemption provision is that it will apply to new owners who purchase after the effective date of the amendment. Although the amendment adds those purchasing on or after January 1, 2010, I do not believe this is a material difference. Further, when both the title and summary are read in context, “new homestead owners” could only mean “persons who have not owned a principal residence during the preceding 8 years.” And because I believe that not referencing spouses in the summary is relatively minor, I believe fair notice has been provided to the voting public. See Advisory Op. to the Att’y Gen. re Protect People from the Health Hazards of Second-Hand Smoke by Prohibiting Workplace Smoking, 814 So.2d 415, 419 (Fla.2002) (explaining that the word limit placed on summaries does not lend itself to explaining all of a proposed amendment’s details and concluding that “an exhaustive explanation of the interpretation and future possible effects of the amendment [is] not required”) (quoting Advisory Op. to the Att’y Gen. re Amendment to Bar Gov’t from Treating People *662 Differently Based on Race in Pub. Educ., 778 So.2d 888, 899 (Fla.2000)).
Therefore, I respectfully dissent.
CANADY, C.J., concurs.